CALCOR SPACE FACILITY, INC., a California corporation, Plaintiff–Appellant,

v.

McDONNELL DOUGLAS CORPORATION, a Maryland corporation, Defendant–Appellee.

Calcor Space Facility, Inc., a California corporation, Plaintiff–Appellee,

v.

McDonnell Douglas Corporation, a Maryland corporation, Defendant–Appellant.

Nos. 99–56314, 99–56426.

D.C. No. CV–97–04589–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided March 15, 2001.

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Calcor Space Facility, Inc. ("Calcor") appeals the district court's judgment in its breach of contract action against McDonnell Douglas Corp. ("MDC"), and MDC cross appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

The facts are well presented in the trial court's findings of facts and are known to the parties. Calcor presents three arguments: (1) that the district court erred in enforcing a partial settlement agreement; (2) that the district court erred in denying a jury trial on the remaining contract claim; and (3) that the district court erred in its computation of profit under the termination clause claim. MDC in its cross appeal argues that the district court erroneously awarded duplicative profit in its computation.

### 1. *The partial settlement agreement*

We review de novo the district court's interpretation of a settlement agreement, and we review the district court's resolution of disputed facts for clear error. *United Commercial Ins. Serv., Inc. v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992).

On April 7, 1988, the parties met and signed a one page memorandum entitled "Privileged Settlement Negotiations for Discussion Purposes Only." The memorandum set forth eight "bullets," which included the dismissal of all claims in litigation except the "work in process" and "pricing" claims on the "MD–90" contract. Calcor disputes the existence of mutual intent to be bound by the settlement negotiations.

■ The district court considered three objective factors in its finding that the parties intended to reach an enforceable partial settlement agreement. First, in recent dealings between the parties, the parties performed in a similar manner by memorializing settlement terms in a signed informal memorandum, and commencing performance before their attorneys had prepared more formalized agreements. Secondly, Calcor's representative stated that he was "committed," but had valid reasons not to sign a formalized document. Finally, and most importantly, the April 7 memorandum provided for MDC to release work on hold valued at over $30 million to Calcor. Calcor's acceptance of this consideration prevented Calcor from denying its obligations under the agreement. Cal. Civ.Code §§ 1584, 1589.[1] The district court's findings regarding the parties' intent are supported by the record and are not clearly erroneous. *See Adams v. Johns–Manville Corp.*, 876 F.2d 702, 706 (9th Cir.1989).

■ Calcor argues that the district court erred in enforcing the settlement agreement without holding an evidentiary hearing, citing *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987) ("[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."). Calcor's argument fails for several reasons. First, the record does not disclose any motion requesting an evidentiary hearing or a request to proffer additional evidence. Secondly, the record indicates that the district court held an hour-long hearing on the motion to enforce the settlement agreement and considered the detailed memoranda and declarations from several persons, and also that no one requested a cross-examination of any of the declarants. Finally, *Callie v. Near* is distinguishable on it facts. In *Callie*, the defendants moved for entry of judgment, and thereafter the plaintiffs requested an evidentiary hearing challenging the existence and validity of a settlement agreement. The district court in *Callie* erred in granting the entry of judgment without first holding a requested evidentiary hearing. *Callie*, 829 F.2d at 890–891.

## 2. *The denial of a jury trial request*

We review de novo the question of entitlement to a jury trial. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

■ The district court did not err in denying Calcor's request for a jury trial because the remaining claim involved the interpretation of a specific contract term (the termination for convenience clause). *See Oceanside 84, Ltd. v. Fidelity Federal Bank*, 56 Cal.App.4th 1441, 66 Cal.Rptr.2d 487, 493–94 (1997) (the interpretation of a contract is essentially a judicial function).

---

1. Cal. Civ.Code § 1584: "Performance of the conditions of a proposal, or the acceptance of the consideration offered with a proposal, is an acceptance of the proposal."

Cal. Civ.Code § 1589: "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."

### 3. *The calculation of "profit"*

In its conclusions of law, the district court determined that the contract language in Section 12.B.4 (the termination for convenience provision) was not ambiguous and, accordingly, the parties' parole evidence was not admissible to determine the meaning of the provision.

We review de novo the district court's interpretation of contract provisions. *See Mendler v. Winterland Prod., Ltd.*, 207 F.3d 1119, 1121 (9th Cir.2000). The district court properly rejected Calcor's construction (inclusion of all costs to guarantee a profit) because the contract language, which was extensively negotiated, does not support a construction of "guaranteed profit."

■ We agree with the district court that the contract is a "formula driven agreement" under the language in Section 12.B.4. However, we disagree with the district court's inclusion of "reasonable profit" of $7,680,297 as a separate 11.11% calculation of the work satisfactorily performed (shipsets 1–96 for $64,422,000) plus work in progress (shipsets 97–143 for $4,707,588). The district court's findings of fact stated that MDC had already paid the $4,707,588 work in progress claim and that *"These sums included a profit of 15%."* (ER 428). Exhibit D provides that the prices are "firm fixed prices" and Calcor agreed with the court that the profit percentage on the work performed was 11.11%, (although Calcor disputed the number it should be applied to). (ER 370). Exhibit D provided for a $1,757,912 payment by MDC to Calcor if MDC did not order 300 shipsets. It is undisputed that MDC already paid this amount for its failure to order 300 shipsets. to the profit which was already

included in the work performed and the work in progress, and precludes any additional profits. The district court erred in including an additional 11.11% profit of $7,680,297 because an 11.11% profit calculation was previously negotiated in the fixed prices of work performed ($64,422,-000) and a 15% profit calculation was already included in the work in progress ($4,707,588). Therefore, that portion of the judgment awarding $5,921,814 to Calcor is reversed, and MDC's claim on cross appeal for a judgment in its favor for $1,758,483 is granted. All parties shall bear its own costs on appeal.

AFFIRMED in part and REVERSED in part.